# UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV - 3 2008
J. T NOBLIN, CLERK
BY_____DEPUTY

Daniel Scott Thomas, Elector for the State of California, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Carl Bibeau, Teresa Bibeau, Ronald M. Hack, Stefany M. Hack, Jason Paulos, Gregory Poulos, Karen Poulos, Keith Poulos, Patricia J. Donahue, Michelle Tennison, Dr. Alan Keyes, Electors of the State of Florida, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Gerald L. Coffee, Elector for the State of Hawaii, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Geketa Holman, Elector for the Commonwealth of Kentucky, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Joseph Mantegna, Arthur H. Hady, Brian Paul Weese, John H. Bane, Tim Phares, Bob Bailey and Steven B. Schulin, Electors of the State of Maryland, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Patrick Flynn, Elector for the State of Michigan, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Tim Delrie, Leslie Riley and Vince Thornton, Electors of the State of Mississippi, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Chuck Baldwin for President of the United States; Christiane Schmenk and Joyce Houck, Electors of the State of Ohio, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate John McCain for President of the United States; Virginia Chrisco, Elector for the State of Oklahoma, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Marvin Sprouse, Jr., Elector for the State of Texas, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; John Doe(s) and Jane Does(s), Electors of the various states nominated to vote in the Electoral College for Candidates for President and Vice-President of the United States, John Doe(s) and Jane Doe(s), Congressmen and Congresswomen in the United States House of Representatives,

   PLAINTIFF(s),

  v.

Delbert Hoseman, in his official capacity as Secretary of State for the State of Mississippi,

   DEFENDANT(s).

) COMPLAINT FOR
) DECLARATORY
) JUDGMENT &
) EXPEDITED
) DISCOVERY

Civil Action No. 2:08CV241KS-MTP

[1]

# COMPLAINT FOR DECLARATORY JUDGMENT & EXPEDITED DISCOVERY

Come now the PLAINTIFF(s), electors duly nominated pursuant to the laws of their various states as follows: Daniel Scott Thomas, Elector for the State of California, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Carl Bibeau, Teresa Bibeau, Ronald M. Hack, Stefany M. Hack, Jason Paulos, Gregory Poulos, Karen Poulos, Keith Poulos, Patricia J. Donahue, Michelle Tennison, Dr. Alan Keyes, Electors of the State of Florida, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Gerald L. Coffee, Elector for the State of Hawaii, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Geketa Holman, Elector for the Commonwealth of Kentucky, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Joseph Mantegna, Arthur H. Hady, Brian Paul Weese, John H. Bane, Tim Phares, Bob Bailey and Steven B. Schulin, Electors of the State of Maryland, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Patrick Flynn, Elector for the State of Michigan, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Tim Delrie, Leslie Riley and Vince Thornton, Electors of the State of Mississippi, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Chuck Baldwin for President of the United States; Christiane Schmenk and Joyce Houck, Electors of the State of Ohio, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate John McCain for President of the United States; Virginia Chrisco,

[2]

Elector for the State of Oklahoma, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Marvin Sprouse, Jr., Elector for the State of Texas, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; John Doe(s) and Jane Does(s), Electors of the various states nominated to vote in the Electoral College for Candidates for President and Vice-President of the United States, John Doe(s) and Jane Doe(s), Congressmen and Congresswomen in the United States House of Representatives, John Doe(s) and Jane Does(s), Electors of the various states nominated to vote in the Electoral College for Candidates for President and Vice-President of the United States; and John Doe(s) and Jane Doe(s) elected members of the U.S. Congress likely to receive the votes of the electors for review, to file this Complaint seeking:

FIRST, a Declaratory Judgment that the qualifications of all candidates for the offices of President and Vice-President of the United States as "Natural Born" citizens under Article II of the Constitution of the United States determined and verified by the Secretary of State, or other officer to whom is delegated the responsibility for the integrity of the ballot in that state is an essential element in the right to vote of every America voter, the electors, and the members of Congress who must count the electoral votes, and

SECOND, an Order for expedited discovery in the form attached hereto requiring and enabling the DEFENDANT Secretary of State to obtain evidence of the qualifications of every candidate for President and Vice-President as "natural born" citizens in compliance with Article II of the Constitution of the United States, and communicate such findings to the Secretaries of State in all other states and in support thereof would state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C.§§ 1331. This Court may exercise ancillary jurisdiction under 28 U.S. C.§ 1367(a) to hear claims under the Constitution and laws of Mississippi. This Court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C.§§ 2201 and 2202.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant Hoseman is situated within this judicial district.

## PLAINTIFFS

3. That pursuant to Article II, Section 1 of the United States Constitution and state law, PLAINTIFF electors appear on the November 4, 2008, state ballots as indicated by their names in the attached list as a candidate for the office of Elector pledged to cast a ballot for President and Vice President of the United States of America, as provided in the Twelfth Amendment to the U.S. Constitution and their respective state laws.

## DEFENDANT

4. Delbert Hoseman is the Secretary of State of Mississippi ("Secretary of State") and the chief election officer for the State. Miss Code Ann. § 23-15-211.1 and is sued in his official capacity.

5. That pursuant to Article II, Section 1 of the United States Constitution and state law, PLAINTIFF electors appear on the November 4, 2008, state ballots as indicated by their names in the attached list as a candidate for the office of Elector pledged to cast a ballot for President and Vice President of the United States of America, as provided in the Twelfth Amendment to the U.S. Constitution and their respective state laws.

6. That as candidate for the office of Elector entitled to vote to elect the President and Vice President of the United States, PLAINTIFF(s) have a constitutionally mandated duty to choose only such persons to fill such offices as they, in their discretion and according to law, ought to be entrusted with the powers and duties of such offices.

7. That, in order to discharge such duty, PLAINTIFF(s) must have access to all relevant information to ensure that the offices shall be filled only by such persons as are endowed with the requisite qualifications, including whether the candidates for President and Vice President meet the constitutional qualifications for office. The plaintiffs would suffer an injury in fact if this Court denied their right to bring this Motion for Declaratory Judgment. Those injuries would include, but not be limited to, their failure to perform their constitutionally mandated duties and the consequences associated therewith, the potential for civil fines and being required to defend themselves against causes of action such as a writ of mandamus, as well as their removal from office for a failure to comply with their individual state law. Plaintiffs come to this Court with a genuine present, substantial interest that would insure that this Court has the benefit of truly adverse parties. Without this Court's intervention, plaintiffs would have no opportunity to redress these wrongs.

8. That, among the constitutional qualifications for the office of President of the United States pursuant to Article II of the Constitution of the United States, a person shall be a natural born citizen of the United States.

9. That 3 U.S.C. Section 8 provides that: "The electors shall vote for President and Vice President, respectively, in the manner directed by the Constitution." This federal statute confers upon each elector an affirmative duty to discover whether the candidate for president for which

the elector is seeking election is a natural born citizen. Otherwise, the elector would not know if his vote was being cast in the "manner directed by the Constitution."

10. That given this constitutionally mandated duty, PLAINTIFF(s) have standing to bring this Complaint before this Court.

11. That a growing number of questions have arisen in litigation in at least ten (10) states contesting whether Senator John McCain and Senator Barack Obama are natural born citizens and, therefore, constitutionally eligible to be entrusted with the office of President of the United States. In the litigation against Senator Obama, allegations were made that his admitted dual citizenship in Kenya and Indonesia, and lack of evidence that he renounced the same, caused a loss of his U.S. Citizenship as a matter of law. Moreover, evidence released by the Obama campaign purporting to be a "Certification of Live Birth" on its face appears to manufactured and unauthentic. See Exhibit A. This evidence was released to FactCheck.org, an Annenburg related agency which seeks to determine the veracity of certain claims made in public forums. See Exhibit B. One of the many problems with this evidence is that the border design differs from the border designs of other Certifications of Live Birth printed during the same time period. See Exhibit C. All these questions about both candidates are still unresolved. In the course of those lawsuits, some of which have been dismissed, it was determined that there exists no designated official in the federal government or the government of the states directly charged with the responsibility of determining whether any Presidential candidate meets the qualifications of Article II of the Constitution of the United States. In most states that responsibility is vested with the political parties, all of which have a conflict of interest in making any sort of such

determination, and none of which have been forthcoming with information or evidence verifying any candidate's compliance.

12. A press release was issued on October 31, 2008 by the Hawaii Department of Health by its Director, Dr. Chiyome Fukino. Dr. Fukino said that she had "personally seen and verified that the Hawaii State Department of Health has Sen. Obama's original birth certificate on record in accordance with state policies and procedures." That statement failed to resolve any of the questions being raised by litigation and press accounts. Being "on record" could mean either that its contents are in the computer database of the department or an actual "vault" original. If the latter, those are the words used to describe what is there.

Further, the report does not say whether the birth certificate in the "record" is a Certificate of Live Birth or a Certificate of Hawaiian Birth. In Hawaii, a Certificate of Live Birth resulting from hospital documentation, including a signature of an attending physician, is different from a Certificate of Hawaiian Birth. For births prior to 1972, a Certificate of Hawaiian Birth is the result of testimony of one witness and is not generated by a hospital. Such a Certificate could be obtained up to 1 year from the date of the child's birth. For that reason, its value as prima facie evidence is limited and easily overcome if any of the allegations of substantial evidence of birth outside Hawaii can be obtained and verified with a Court Order.

13. Despite an aggressive public dialogue about the qualifications of the Presidential candidates of the two major parties, there is no information whatsoever being disseminated concerning the qualifications of Presidential and Vice-Presidential candidates of the other parties.

14. That an unprecedented looming constitutional crisis awaits if a President elected by the popular vote and the electoral vote does not constitutionally qualify to serve in that capacity.

Given the current international turbulence, the potential results of this constitutional crisis would threaten the national security of the United States. The enormity of this grave risk is the reason for an urgent request to this Court to respond quickly to avert crisis.

15. That in order to discharge their constitutional and legal duties as Electors to ascertain whether any and all candidates for President and Vice-President possess the requisite constitutional qualification of natural born citizenship, PLAINTIFF(s) jointly seek the access of DEFENDANT to the birth certificates of every candidate for President or Vice-President and any other evidence required to determine their qualifications as "natural born" citizens.

16. The applicable section of U.S. Code titled "Presidential Elections and Vacancies", 3 U.S.C. 15, directs Congress in session on January 9, 2009 to open, count and record the electoral votes, then present the results to the President of the Senate, who shall then "announce the state of the vote." Ibid. The statute provides a mechanism for objections then to be registered and resolved that include the qualifications of those elected to serve in the office of President:

> The Twentieth Amendment further provides, "<u>if the President elect shall have failed to qualify</u>, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be elected, and such person shall act accordingly until a President or Vice President shall have qualified.

17. Although Congress has the power to subpoena and/or duty to demand proof of qualifications for the office, a failure to qualify discovered at that time after the electoral vote could cause a widespread crisis of confidence not only in the United States but in other nations

[8]

already shaken with concern about the stability of our already weakened economy as well as our democratic system of government. PLAINTIFF members of Congress would be forced to make a determination with information denied from American voters and electors. Such denial and resulting constitutional crisis is avoided by completing the expedited discovery respectfully requested in the attached Order. In addition, this matter must be resolved now before the defense of laches would become applicable.

18. The Order attached empowers and authorizes the Defendant Secretary of State to work in cooperation with other Secretaries of State in other states and/or with the National Association of Secretaries of State, to formulate procedures to aid in making a determination of the qualifications of candidates, while maintaining the confidential nature of information that may be obtained through this expedited discovery that is not essential to the determination of a candidate's qualifications.

Wherefore, PLAINTIFFS respectfully request the attached Order For Expedited Discovery commanding DEFENDANT to produce for DEFENDANT's own inspection and review, under seal, certified copies of the birth certificates, and any further evidence necessary to establish the status as "natural born" citizens of every candidate for President and Vice-President of the United States and furnish its conclusions concerning same to the public and every other state no later than December 9, which date by law all states must conclude all contests or controversies concerning the selection of electors.

Date: November 3, 2008                    Respectfully submitted,

_____
Attorney James D. Bell
Mississippi Bar No. 2333
318 South State Street
Jackson, MS 39201
601-981-9221

Attorney J. Thomas Smith*
TN Bar No. 003613
1816 Old Natchez Trace
Franklin, TN 37069
615-790-2159



Attorney Philip R. Boardman*
VA Bar No. 48110
2017 Cunningham Dr., Suite 210
Hampton, VA 23666
757- 826-2200

Attorney James Hochberg*
HI Bar No. 3686
745 Fort St., Suite 1450
Honolulu, HI 96183
808-534-1514

*Applications *pro hac vice* will be submitted.