## UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Daniel Scott Thomas, Elector for the State of California, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Carl Bibeau, Teresa Bibeau, Ronald M. Hack, Stefany M. Hack, Jason Paulos, Gregory Poulos, Karen Poulos, Keith Poulos, Patricia Donahue, Michelle Tennison, Dr. Alan Keyes, Electors of the State of Florida, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Gerald L. Coffee, Elector for the State of Hawaii, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Geketa Holman, Elector for the Commonwealth of Kentucky, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Joseph Mantegna, Arthur H. Hady, Brian Paul Weese, John H. Bane, Tim Phares, Bob Bailey and Steven B. Schulin, Electors of the State of Maryland, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Patrick Flynn, Elector for the State of Michigan, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Tim Delrie, Leslie Riley and Vince Thornton, Electors of the State of Mississippi, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Chuck Baldwin for President of the United States; Christiane Schmenk and Joyce Houck, Electors of the State of Ohio, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate John McCain for President of the United States; Virginia Chrisco, Elector for the State of Oklahoma, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Marvin Sprouse, Jr., Elector for the State of Texas, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; John Doe(s) and Jane Does(s), Electors of the various states nominated to vote in the Electoral College for Candidates for President and Vice-President of the United States, John Doe(s) and Jane Doe(s), Congressmen and Congresswomen in the United States House of Representatives,<br><br>PLAINTIFF(s),<br><br>v.<br><br>Delbert Hoseman, in his official capacity as Secretary of State for the State of Mississippi,<br><br>DEFENDANT(s). | **EMERGENCY MOTION FOR EXPEDITED DISCOVERY**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 2:08cv241 KS-MTP |

[1]

## EMERGENCY MOTION FOR
## EXPEDITED DISCOVERY

Come now the PLAINTIFF(s), electors duly nominated pursuant to the laws of their various states and pledged to vote for certain candidates for President of the United States of America, including John McCain, Alan Keyes and Chuck Baldwyn, file this Motion for Emergency Expedited Discovery, and would show the that they filed a Complaint seeking the following:

**FIRST, a Declaratory Judgment that the qualifications of all candidates for the offices of President and Vice-President of the United States as "Natural Born" citizens under Article II of the Constitution of the United States determined and verified by the Secretary of State, or other officer to whom is delegated the responsibility for the integrity of the ballot in that state is an essential element in the right to vote of every America voter, the electors, and the members of Congress who must count the electoral votes, and**

SECOND, an Order for expedited discovery requiring and enabling the DEFENDANT Secretary of State to obtain evidence of the qualifications of every candidate for President and Vice-President as "natural born" citizens in compliance with Article II of the Constitution of the United States, and to communicate such findings to the Secretaries of State in all other states.

The relief sought in this motion is urgent, in that the Secretaries of State of the various states are required to certify the results of the recent election by December 9, 2008, and the Plaintiffs, or at least some of them, will be participating in the election for President of the United States of America on December 15, 2008. The Electors have a responsibility to examine and inquire into the qualifications of the candidates before participating in the election on December 15. The relief requested must be obtained in time for the electors to receive and make use of the information. If the Court fails to provide the relief in a timely manner, then the ability

[2]

of the Court to award relief will be mooted by the passage of time and events. No harm can result from an order to a qualified candidate to present evidence of his or her qualifications to hold office. The Plaintiffs would further show the Court the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C.§§ 1331. This Court may exercise ancillary jurisdiction under 28 U.S. C.§ 1367(a) to hear claims under the Constitution and laws of Mississippi. This Court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C.§§ 2201 and 2202.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant Hoseman is situated within this judicial district.

### PLAINTIFFS

3. That pursuant to Article II, Section 1 of the United States Constitution and state law, PLAINTIFF electors appear on the November 4, 2008, state ballots as indicated by their names in the attached list as a candidate for the office of Elector pledged to cast a ballot for President and Vice President of the United States of America, as provided in the Twelfth Amendment to the U.S. Constitution and their respective state laws.

### DEFENDANT

4. Delbert Hoseman is the Secretary of State of Mississippi ("Secretary of State") and the chief election officer for the State. Miss Code Ann. § 23-15-211.1 and is sued in his official capacity.

5. That pursuant to Article II, Section 1 of the United States Constitution and state law, PLAINTIFF electors appear on the November 4, 2008, state ballots as indicated by their names in

[3]

the attached list as a candidate for the office of Elector pledged to cast a ballot for President and Vice President of the United States of America, as provided in the Twelfth Amendment to the U.S. Constitution and their respective state laws.

6. That as candidate for the office of Elector entitled to vote to elect the President and Vice President of the United States, PLAINTIFF(s) have a constitutionally mandated duty to choose only such persons to fill such offices as they, in their discretion and according to law, ought to be entrusted with the powers and duties of such offices.

7. That, in order to discharge such duty, PLAINTIFF(s) must have access to all relevant information to ensure that the offices shall be filled only by such persons as are endowed with the requisite qualifications, including whether the candidates for President and Vice President meet the constitutional qualifications for office. The plaintiffs would suffer an injury in fact if this Court denied their right to bring this Motion for Declaratory Judgment. Those injuries would include, but not be limited to, their failure to perform their constitutionally mandated duties and the consequences associated therewith, the potential for civil fines and being required to defend themselves against causes of action such as a writ of mandamus, as well as their removal from office for a failure to comply with their individual state law. Plaintiffs come to this Court with a genuine present, substantial interest that would insure that this Court has the benefit of truly adverse parties. Without this Court's intervention, plaintiffs would have no opportunity to redress these wrongs.

8. That, among the constitutional qualifications for the office of President of the United States pursuant to Article II of the Constitution of the United States, a person shall be a natural born citizen of the United States.

9. That 3 U.S.C. Section 8 provides that: "The electors shall vote for President and Vice President, respectively, in the manner directed by the Constitution." This federal statute confers upon each elector an affirmative duty to discover whether the candidate for president for which the elector is seeking election is a natural born citizen. Otherwise, the elector would not know if his vote was being cast in the "manner directed by the Constitution."

10. That given this constitutionally mandated duty, PLAINTIFF(s) have standing to bring this Complaint before this Court.

11. That a growing number of questions have arisen in litigation in at least ten (10) states contesting whether Senator John McCain and Senator Barack Obama are natural born citizens and, therefore, constitutionally eligible to be entrusted with the office of President of the United States. In the litigation against Senator Obama, allegations were made that his admitted dual citizenship in Kenya and Indonesia, and lack of evidence that he renounced the same, caused a loss of his U.S. Citizenship as a matter of law. Moreover, evidence released by the Obama campaign purporting to be a "Certification of Live Birth" on its face appears to manufactured and unauthentic. See Exhibit A. This evidence was released to FactCheck.org, an Annenburg related agency which seeks to determine the veracity of certain claims made in public forums. See Exhibit B. One of the many problems with this evidence is that the border design differs from the border designs of other Certifications of Live Birth printed during the same time period. See Exhibit C. All these questions about both candidates are still unresolved. In the course of those lawsuits, some of which have been dismissed, it was determined that there exists no designated official in the federal government or the government of the states directly charged with the responsibility of determining whether any Presidential candidate meets the qualifications of

[5]

Article II of the Constitution of the United States. In most states that responsibility is vested with the political parties, all of which have a conflict of interest in making any sort of such determination, and none of which have been forthcoming with information or evidence verifying any candidate's compliance.

12. A press release was issued on October 31, 2008 by the Hawaii Department of Health by its Director, Dr. Chiyome Fukino. Dr. Fukino said that she had "personally seen and verified that the Hawaii State Department of Health has Sen. Obama's original birth certificate on record in accordance with state policies and procedures." That statement failed to resolve any of the questions being raised by litigation and press accounts. Being "on record" could mean either that its contents are in the computer database of the department or an actual "vault" original. If the latter, those are the words used to describe what is there.

Further, the report does not say whether the birth certificate in the "record" is a Certificate of Live Birth or a Certificate of Hawaiian Birth. In Hawaii, a Certificate of Live Birth resulting from hospital documentation, including a signature of an attending physician, is different from a Certificate of Hawaiian Birth. For births prior to 1972, a Certificate of Hawaiian Birth is the result of testimony of one witness and is not generated by a hospital. Such a Certificate could be obtained up to 1 year from the date of the child's birth. For that reason, its value as prima facie evidence is limited and easily overcome if any of the allegations of substantial evidence of birth outside Hawaii can be obtained and verified with a Court Order.

13. Under the law of the State of Hawaii, a court of competent jurisdiction may order the release of birth records to a person or persons who have a direct and tangible interest in the record of a person's birth.

[6]

14. Hawaii Statute **§338-18 Disclosure of records,** provides the following.

(a) To protect the integrity of vital statistics records, to ensure their proper use, and to ensure the efficient and proper administration of the vital statistics system, it shall be unlawful for any person to permit inspection of, or to disclose information contained in vital statistics records, or to copy or issue a copy of all or part of any such record, except as authorized by this part or by rules adopted by the department of health.

(b) The department shall not permit inspection of public health statistics records, or issue a certified copy of any such record or part thereof, unless it is satisfied that the applicant has a direct and tangible interest in the record. The following persons shall be considered to have a direct and tangible interest in a public health statistics record:

(1) The registrant;

(2) The spouse of the registrant;

(3) A parent of the registrant;

(4) A descendant of the registrant;

(5) A person having a common ancestor with the registrant;

(6) A legal guardian of the registrant;

(7) A person or agency acting on behalf of the registrant;

(8) A personal representative of the registrant's estate;

(9) A person whose right to inspect or obtain a certified copy of the record is established by an order of a court of competent jurisdiction;

(10) Adoptive parents who have filed a petition for adoption and who need to determine the death of one or more of the prospective adopted child's natural or legal parents;

(11) A person who needs to determine the marital status of a former spouse in order to determine the payment of alimony;

(12) A person who needs to determine the death of a nonrelated co-owner of property purchased under a joint tenancy agreement; and

(13) A person who needs a death certificate for the determination of payments under a credit insurance policy.

(c) The department may permit the use [of] the data contained in public health statistical records for research purposes only, but no identifying use thereof shall be made.

(d) Index data consisting of name and sex of the registrant, type of vital event, and such other data as the director may authorize shall be made available to the public.

(e) The department may permit persons working on genealogy projects access to microfilm or other copies of vital records of events that occurred more than seventy-five years prior to the current year.

(f) Subject to this section, the department may direct its local agents to make a return upon filing of birth, death, and fetal death certificates with them, of certain data shown to federal, state, territorial, county, or municipal agencies. Payment by these agencies for these services may be made as the department shall direct.

(g) The department shall not issue a verification in lieu of a certified copy of any such record, or any part thereof, unless it is satisfied that the applicant requesting a verification is:

(1) A person who has a direct and tangible interest in the record but requests a verification in lieu of a certified copy;

(2) A governmental agency or organization who for a legitimate government purpose maintains and needs to update official lists of persons in the ordinary course of the agency's or organization's activities;

(3) A governmental, private, social, or educational agency or organization who seeks confirmation of a certified copy of any such record submitted in support of or information provided about a vital event relating to any such record and contained in an official application made in the ordinary course of the agency's or organization's activities by an individual seeking employment with, entrance to, or the services or products of the agency or organization;

(4) A private or government attorney who seeks to confirm information about a vital event relating to any such record which was acquired during the course of or for purposes of legal proceedings; or

(5) An individual employed, endorsed, or sponsored by a governmental, private, social, or educational agency or organization who seeks to confirm information about a vital event relating to any such record in preparation of reports or publications by the agency or organization for research or educational purposes.

[L 1949, c 327, §22; RL 1955, §57-21; am L Sp 1959 2d, c 1, §19; am L 1967, c 30, §2; HRS §338-18; am L 1977, c 118, §1; am L 1991, c 190, §1; am L 1997, c 305, §5; am L 2001, c 246, §2]

15. The Plaintiffs and the Defendant are persons who have a direct and tangible interest in the record of the birth of Barack Obama and of the other candidates for the office of President of the United States. Efforts to obtain proof of citizenship have been thwarted at each turn, and the only avenue remaining to the Plaintiffs is a court order for expedited discovery.

16. Despite an aggressive public dialogue about the qualifications of the Presidential candidates of the two major parties, there is no information whatsoever being disseminated concerning the qualifications of Presidential and Vice-Presidential candidates of the other parties.

17. That an unprecedented looming constitutional crisis awaits if a President elected by the popular vote and the electoral vote does not constitutionally qualify to serve in that capacity. Given the current international turbulence, the potential results of this constitutional crisis would threaten the national security of the United States. The enormity of this grave risk is the reason for an urgent request to this Court to respond quickly to avert crisis.

18. That in order to discharge their constitutional and legal duties as Electors to ascertain whether any and all candidates for President and Vice-President possess the requisite constitutional qualification of natural born citizenship, PLAINTIFF(s) seek to obtain access to the certificate of live birth of Barack Obama and of other candidates, or, in the alternative, an order requiring DEFENDANT to seek by subpoena and other means similar certificates for every candidate for President or Vice-President and any other evidence required to determine their qualifications as "natural born" citizens.

19. The applicable section of U.S. Code titled "Presidential Elections and Vacancies", 3 U.S.C. 15, directs Congress in session on January 9, 2009 to open, count and record the electoral votes, then present the results to the President of the Senate, who shall then "announce the state of the vote." Ibid. The statute provides a mechanism for objections then to be registered and resolved that include the qualifications of those elected to serve in the office of President:

The Twentieth Amendment further provides, "<u>if the President elect shall have failed to qualify</u>, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be elected, and such person shall act accordingly until a President or Vice President shall have qualified.

20. Although Congress has the power to subpoena and/or duty to demand proof of qualifications for the office, a failure to qualify discovered at that time after the electoral vote could cause a widespread crisis of confidence not only in the United States but in other nations already shaken with concern about the stability of our already weakened economy as well as our democratic system of government. PLAINTIFF members of Congress would be forced to make a determination with information denied from American voters and electors. Such denial and resulting constitutional crisis is avoided by completing the expedited discovery respectfully requested. In addition, this matter must be resolved now before the defense of laches would become applicable.

21. The Plaintiffs request that the Court enter an order that empowers and authorizes the Defendant Secretary of State to work in cooperation with other Secretaries of State in other states and/or with the National Association of Secretaries of State, to formulate procedures to aid in making a determination of the qualifications of candidates, while maintaining the confidential nature of information that may be obtained through this expedited discovery that is not essential to the determination of a candidate's qualifications.

[10]

Therefore, Plaintiffs respectfully request the issuance of an Order For Expedited Discovery declaring that the Plaintiffs are persons with a direct and tangible interest in the record of birth of Barack Obama, as required under the law of Hawaii, and that they are persons with a direct and tangible interest in the record of birth of all other candidates for President of the United States, and authorizing them to issue immediate subpoenas or other proper requests to the appropriate authorities to obtain evidence of the birth as well as such other evidence as may be necessary to ascertain the qualifications of each candidate for the office of President of the United States. In the alternative, the Plaintiffs request that the Court find that the Defendant is a person with a direct and tangible interest in the record of birth of Barack Obama, as required under the law of Hawaii, and that he is a person with a direct and tangible interest in the record of birth of the other candidates for President of the United States, and further, that the Court order the Defendant to immediately obtain by subpoena, or by other proper requests, evidence of the qualifications of each candidate for the office of President of the United States, including Certificates of Live Birth, as well as any further evidence necessary to establish the status as "natural born" "citizens" of every candidate for President and Vice-President of the United States and furnish its conclusions concerning same to the public and every other state no later than December 9, which date by law all states must conclude all contests or controversies concerning the selection of electors.

[11]

Date: November 12, 2008                    Respectfully submitted,

*[signature]*

Attorney James D. Bell
Mississippi Bar No. 2333
318 South State Street
Jackson, MS 39201
601-981-9221

Attorney J. Thomas Smith
TN Bar No. 003613
1816 Old Natchez Trace
Franklin, TN 37069
615-790-2159


Attorney Philip R. Boardman*
VA Bar No. 48110
2017 Cunningham Dr., Suite 210
Hampton, VA 23666
757- 826-2200

Attorney James Hochberg
HI Bar No. 3686
745 Fort St., Suite 1450
Honolulu, HI 96183
808-534-1514

*Applications *pro hac vice* will be submitted.

## CERTIFICATE OF SERVICE

I, James D. Bell, do hereby certify that I have caused to be mailed, via United States mail, and faxed a true and correct copy of the foregoing instrument to:

**Attorney General Jim Hood**
**Walter Sillers Building**
**550 High Street, Suite 1200**
**Jackson, Mississippi 39201**
**Facsimile: (601) 359-5025**

SO CERTIFIED, this, the 12th day of November, 2008.

/s/ James D. Bell
JAMES D. BELL

**CERTIFICA**

## STATE OF HAWAII
## HONOLULU



CHILD'S NAME



EXHIBIT
A



Home | Archive | About Us | Privacy | Copyright | Contact Us

eMail to a friend    Printer Friendly Version

June 16, 2008

**Explore FactCheck**

Just the Facts! Home
FactCheck Home
FactCheck Archive
Ask FactCheck Home
Ask FactCheck Archive

**FactCheck Connections**

 Get the Email

 Get the Feed

 FactCheck Mobile

Subscribe | Unsubscribe
Change Address

keyword search...



 **Has Obama's birth certificate been disclosed?**

Is Barack Obama a "natural-born citizen"? It is hard to believe he could get this far in the electoral process and not have a sufficient answer to this question, I admit, but has his birth certificate been disclosed?

**A: Yes. His campaign made a copy public after speculation by conservative bloggers that he might not be a "natural-born citizen."**

We asked for and received a copy from the Obama campaign. It is too large to display full size on this page, but you may click on this link to see a copy of the document just as we received it.



It indicates Obama was born at 7:24 p.m. Aug. 4, 1961, in Honolulu. That should be no surprise, as it merely documents what Obama and his biographers have always said. But the document should put to rest groundless speculation raised on some conservative Web sites that Obama might not have been born in the U.S. and therefore might not qualify under the Constitution as a "natural-born citizen" to be president.

The speculation was not based on any evidence. Bloggers raised questions based on the *absence* of evidence, specifically the lack of a publicly available copy of a birth certificate and the supposed "secrecy" surrounding it. For example, the conservative World Net Daily posted a June 10 article with the headline, "Is Obama's candidacy constitutional?; Secrecy over birth certificate, demand for 'natural-born' citizenship cited." Soon after, some of our readers began asking us the same thing.



EXHIBIT
B

The "secrecy" ended when Tommy Vietor at the Obama campaign sent

FactCheck.org: Has Obama's birth certificate been disclosed? Page 2 of 2

Case 2:08-cv-00241-KS-MTP   Document 8   Filed 11/12/08   Page 16 of 17

a message to us and other reporters saying, "I know there have been some rumors spreading about Obama's citizenship, so I wanted to make sure you all had a copy of his birth certificate." A digital image was attached.

Hawaii state law forbids the release of birth or marriage certificates to anyone but the persons named in the documents or their immediate relatives. This copy carries a date stamp of "Jun 6 - 2007" (which has bled through from the reverse side), and is, therefore, probably a copy obtained by Obama himself at that time.

Incidentally, John McCain has been the subject of similar speculation based on the fact that he was born in the Panama Canal Zone. But as we explained in an earlier Ask FactCheck, he's also a U.S. citizen under laws going back to 1790, even though he wasn't born in the country.

-*Brooks Jackson*

Copyright © 2003 - 2008, Annenberg Public Policy Center of the University of Pennsylvania
FactCheck.org's staff, not the Annenberg Center, is responsible for this material.

Home | About Us | Privacy | Copyright | Contact Us



2007　　　　　　　　Obama COLB　　　　　　　　2008

Images taken from Atlas Shrugs report

Normal Hawaiian COLB's



2006　　　　　　　　2007　　　　　　　　2008

EXHIBIT C