UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Daniel Scott Thomas, Elector for the State of California, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Carl Bibeau, Teresa Bibeau, Ronald M. Hack, Stefany M. Hack, Jason Paulos, Gregory Poulos, Karen Poulos, Keith Poulos, Patricia J. Donahue, and Michelle Tennison, Electors of the State of Florida, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States; Gerald L. Coffee, Elector for the State of Hawaii, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Geketa Holman, Elector for the Commonwealth of Kentucky, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; Alan T. Seabaugh, Elector for the State of Louisiana, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Joseph Mantegna, Arthur H. Hady, Brian Paul Weese, John H. Bane, Tim Phares, Bob Bailey and Steven B. Schulin, Electors of the State of Maryland, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Alan Keyes for President of the United States, and Dr. Alan Keyes of Maryland, Candidate for President of the United States; Patrick Flynn, Elector for the State of Michigan, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States;  Tim Delrie, Leslie Riley and Vince Thornton, Electors of the State of Mississippi, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate Chuck Baldwin for President of the United States;  Joyce Houck, Elector of the State of Ohio, all of whom are nominated to vote in the Electoral College and are pledged to vote for Candidate John McCain for President of the United States; Virginia Chrisco, Elector for the State of Oklahoma, who is nominated to vote in the Electoral College and is pledged to vote for Candidate John McCain for President of the United States; Marvin Sprouse, Jr., Elector for the State of Texas, who is nominated to vote in the Electoral College and is pledged to vote for Candidate Alan Keyes for President of the United States; John Doe(s) and Jane Does(s), Electors of the various states nominated to vote in the Electoral College for Candidates for President and Vice-President of the United States, John Doe(s) and Jane Doe(s), Congressmen and Congresswomen in the United States House of Representatives,<br>        PLAINTIFF(s),<br>   v.<br><br>Delbert Hoseman, in his official capacity as Secretary of State for the State of Mississippi,<br><br>        DEFENDANT(s). | MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND IN SUPPORT OF COMPLAINT FOR DECLARATORY JUDGMENT<br><br><br><br><br><br>Civil Action No. 2:08CV241- KS- MTP |

**MEMORANDUM IN SUPPORT OF**
**EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND COMPLAINT FOR**
**DECLARATORY JUDGMENT**

**I.   INTRODUCTION**

**A.   Vital Constitutional Questions; One Simple Solution**

An unprecedented scenario currently faces the nation, as millions of Americans are expressing concern and doubt about one essential, unanswered question: whether candidates nominated by the two major parties for President of the United States President—Senator Barack Obama and Senator John McCain—are "Natural Born" citizens as required in Article II of the Constitution of the United States.[i]

In light of newly discovered information, ten(10)lawsuits have been filed since August 2008 to challenge the eligibility of the presidential candidates.  But, unlike the PLAINTIFF(S) here, the PLAINTIFF(s) in most of those suits lacked sufficient standing to reach the merits of their claims.  PLAINTIFF(s) herein bring this case because compelling evidence has shown that the essential question is legitimate.  It can be answered, and the matter settled for the nation and all posterity, by the simple production of a few simple documents—a long form birth certificate and any other evidence required to establish citizenship.  The burden of collecting is slight. The consequences of not doing so carry great Constitutional import.

**B.   Documentation and Legitimacy of the Question**

In *Philip J. Berg, Esq. v. Barack Obama,* Case No. 2:2008cv04083, filed in Pennsylvania Eastern District Court August 21, 2008, the plaintiff, a former chair of the Democrat Party of Pennsylvania and gubernatorial candidate, alleged that Senator Obama was born in Kenya, rather than  Hawaii.[ii] Even if born in Hawaii, Berg alleged that unless his admitted Indonesian citizenship by adoption is revoked, Senator Obama, like a "Naturalized Citizen" has dual citizenship that prevents his eligibility to be President.  A law review article has stated the obvious: "If these allegations could be proven, they appear to present a strong argument against Obama's eligibility."[iii] Similarly, plaintiffs in several other cases  have brought forth allegations against Senator McCain  that he was born in the Panama Canal Zone and cannot be "Natural Born" as required by the Constitution. Although Senator McCain did produce his original birth certificate, President Elect Barack Obama refused.  Yet, without a court order to produce an actual birth certificate, , there is no way for the PLAINTIFFS in this case to know the ultimate truth in this matter, in order to perform their Constitutional duties

### C. Previous and Current Federal Cases

The *Berg* case is on appeal from a dismissal by the District Court for the Eastern District of Pennsylvania, which declared that Mr. Berg lacked standing because he had no individual claim different from millions of American voters. His lawsuit sought a judicial declaration of ineligibility and injunction against Senator Obama's candidacy. Of particular import was the claim against the Federal Election Commission by Mr. Berg in his amended complaint. In its motion to dismiss, the Commission explained its jurisdiction over Presidential campaign finance under several statutes, but affirmed that it had no oversight over the Constitution's Presidential Qualifications Clause or any candidate's eligibility thereunder:

> These statutes only confer on the Commission jurisdiction over issues concerning the financing of federal campaigns: regulating the organization of campaign committees; the raising, spending, and disclosing of campaign funds; and the receipt and use of public funding for qualifying candidates.

Memorandum of Law submitted by the Federal Election Commission in *Philip J. Berg, Esq. v. Barack Obama*, attached hereto.

Three lawsuits were filed challenging Senator John McCain's eligibility for election because he was born in the Panama Canal Zone. The first case, *Inland Empire Voters v. United States,* filed in the U.S. District Court for the Central District of California, challenged Senator McCain's eligibility but was voluntarily dismissed in April 2008. A registered Republican filed *Hollander v. McCain*, in the U.S. District Court for the District of New Hampshire. Mr. Hollander claimed that the Article II ineligibility of Senator McCain disenfranchised him and other voters, and sought an injunction against the McCain candidacy. In dismissing the case, the court held that Mr. Hollander presented only a "generalized interest" of other citizens that failed to satisfy the injury-in-fact requirement for standing under Article III. The third federal case, *Robinson v. Bowen,* was filed in the U.S. District Court for the Northern District of California in August 2008 by Plaintiff Markham Robinson, chairperson-elect of the American Independent Party ("AIP") and a nominated elector for the AIP's candidate, Alan Keyes. Although dismissed for lack of standing, the court noted that judicial review should await the Electoral College process that could resolve disputes over a residential candidate's eligibility. PLAINTIFF(s) herein contend that such resolution will not occur without the relief they request.

### D. Previous and Current State Cases

1. Hawaii

On October 27, 2008, the Hawaii Supreme Court dismissed a claim by Andy Martin (*Pro Se*) for a writ of mandamus against Governor Linda Lingle, and Dr. Chiyome Fukino, Director of the Hawaii Department of Health, to require them to disclose the records and vital statistics of Senator Obama to determine the circumstances of his birth. Andy Martin v. Linda Lingle, Governor of Hawaii, et al., CIV. No. 08-1-214 (October 22, 2008). The court

stated that a mandamus would not issue where the duty of the official was discretionary only, and the Hawaii code prohibited the release of those records to this plaintiff, who was not among those entitled by statute to view the information.

A press release was issued on October 31, 2008 by the Hawaii Department of Health, in which Dr. Fukino stated that she had "personally seen and verified that the Hawaii State Department of Health has Sen. Obama's original birth certificate on record in accordance with state policies and procedures." But that statement failed to resolve any of the questions being raised by litigation and press accounts.

Being "on record" could mean either that the contents of *some* birth record are included in the computer database of the department, *or* that the document Dr. Fukino referred to is an actual "vault" original. (The term "vault" is what is used to refer to an actual, long form document.)  Further, Dr. Fukino's statement did not answer the all-important question of whether "birth certificate on record" is a *"Certificate of Live Birth"* or a *"Certificate of Hawaiian Birth*." These are two very different things, and the local terminology is crucial.

In Hawaii, a "Certificate of Live Birth" originates from a hospital and with full hospital documentation, including the signature of an attending physician.  A "Certificate of Hawaiian Birth," however includes less information. For births prior to 1972, a "Certificate of Hawaiian Birth" was available to be obtained by the sole testimony of one witness, and was not generated, documented, or verified by a hospital nor any other objective party. Such a certificate could be obtained up to one year from the date of the child's birth.

Moreover, Hawaiian law (Hawaii Revised Statute 338-17.8) allows the State of Hawaii to issue a such a certificate *even if the child is born outside the State*, provided the parents have been legal residents of Hawaii for at least one year immediately preceding the birth. So the mere existence of a Hawaiian birth certificate is not necessarily evidence of a birth in the state of Hawaii. In fact, since the place of birth must appear on the certificate, it could document a birth outside Hawaii.

The production of a mere "Certificate of Hawaiian Birth" by any presidential candidate would thus not satisfy an Article II inquiry.  Accordingly, there will be no resolution of this unavoidable issue in the Electoral College vote without the relief requested by PLAINTIFFS.

2.  Other state litigation

In Georgia, on October 24, 2008, the Superior Court for Fulton County dismissed a  Complaint filed against the Georgia Secretary of State to require an investigation into Senator Obama's qualifications for the Presidency. The court ruled there is no duty imposed upon the Secretary of State to remove a candidate from the ballot, but that there is such a duty for the examination of electors.  The court held that the responsibilities for selection of candidates rested with the political parties.

In Washington, a similar case was dismissed on October 27, 2008, when a *Pro Se* plaintiff filed suit against the Washington Secretary of State to require him to seek evidence

of Senator Obama's Constitutional qualifications, or alternatively to remove him from the ballot. The court determined that the Internet posts describing the various claims were not admissible as evidence and that the claims of Senator Obama's lack of qualification were not presented.

In Ohio, on October 31, 2008, a case was dismissed that asked the court to order the Ohio Secretary of State to obtain documents establishing Senator Obama's place of birth, or alternatively, to decertify him from the ballot.[iv] Following Ohio Supreme Court precedent, *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451 (Oh. 1999), the court "assume[d], *arguendo*, that Plaintiff possessed the requisite standing." The court reasoned that it could impose no duty that did not exist by statute, unless there was an abuse of discretion, and the Internet sources offered by the Plaintiff were little more than conclusory allegations or pure speculation. The court found that this "Plaintiff presented no witnesses but himself" but rather "Internet sources, the accuracy of which has not been demonstrated to either Defendant (Secretary of State) Brunner or this Magistrate." David Neal v. Jennifer Brunner, et. al., Case No. 08 cv72726(October 31, 2008)citing *Crawford v. Marion County Election Bd*., 128 S. Ct. 1610, 1623, fn. 20 (2008). ("Supposition based on extensive Internet research is not an adequate substitute for admissible evidence subject to cross-examination...")..

## II.     LAW AND ARGUMENT

### A.     These Particular PLAINTIFFS Clearly Have Standing and Propose a Simple Remedy to Assure Electoral College Resolution of Candidate Qualification Issues.

Any party seeking to invoke the jurisdiction of a federal court must satisfy the burden of establishing standing under Article III of the Constitution, *see, e.g.*, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998), which is comprised of three elements. *See, e.g.*, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical' . . .." *Id.* (internal citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of . . .." *Id.* (citations omitted). "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* (citations omitted).


1.PLAINTIFFS have standing as Electors.

PLAINTIFFS in this case are nominees to be electors pledged to support presidential candidates Chuck Baldwin, Ambassador Alan Keyes, and Senator John McCain.  The nominated electors for John McCain, Ambassador Allan Keyes, and Chuck Baldwin,who lost their nomination have a right to demand this evidence which could disqualify all electors for President Elect Obama in time for challenges to elector ballots in their respective states that must be completed December 9, 2008. The electors for

Case 2:08-cv-00241-KS-MTP   Document 9   Filed 11/12/08   Page 6 of 9

Senator McCain who were nominated will be voting on December 15, 2008. Their sworn duty to vote in accordance with the requirements of the Constitution cannot be fulfilled without the information that these above cited cases demonstrate is unavailable to them without the relief they request. Further, failure to obtain this information robs the electors not nominated of their right to challenge the electors of President Elect Obama in state contests of the ballot. To avoid injury to their chances of mounting a challenge to their competing electors, they must have the information no later than December 9, 2008 – the date prescribed by federal statute by which all state contests must be completed.

     Clearly, this legally protected interest is concrete and particularized. And, clearly, it is actual and imminent. A failure of the DEFENDANT Secretary of State to obtain the information necessary to enable the PLAINTIFF electors to determine the "natural born" status of all the candidates will be the cause of that injury. It will cause a breach of the PLAINTIFFS' sworn oath concerning their duties in voting. There is no other third party before the Court with the governmental authority to obtain the information requested to which the PLAINTIFFS' injury might be traced. The FEC has no authority to request the information. The political parties have a duty to certify the candidates, but not their qualifications. Moreover, each political party has an obvious inherent conflict of interest on that issue. The Order requested will prevent the electors' injury from occurring.

2. PLAINTIFF has standing as presidential candidate.

PLAINTIFF, Ambassador Alan Keyes of the American Independent Party is also a presidential candidate himself. He has standing to request this information, because the disqualification of either Senator McCain or Senator Obama would materially enhance his election prospects, and the prospects of his own electors. His name is on the ballot at great cost and expense. Failure to provide this information to him is a direct and substantial injury to him, directly caused by a failure to furnish the information necessary to allow a determination of the qualifications of the competing candidates.

**B. The Defendant Secretary of State has an Affirmative Legal Obligation to Gather Accurate Information and Demand Honesty in the State's Election Processes.**

The Mississippi Secretary of State is the chief elections officer for the State of Mississippi with a statutory grant of the "power and duty to gather sufficient information concerning voting in elections in the state."[v] Further, according to the website for the office, there is a declaration that its office will "uphold its constitutional and statutory obligations by encouraging participation and demanding honesty in the state's election processes….and by executing these duties with courtesy, speed, accuracy and efficiency."[vi] As the chief elections officer in this State, he is uniquely qualified to obtain this information to enable a challenge to any candidate's slate of electors by December 9, for the vote of Mississippi electors on December 15, and the consideration of

Congress on January 9, 2009.

**C.  The Requested Relief is Essential for the People and the Integrity of the Election Process, and Not Unduly Burdensome for the Candidates.**

  The Constitutional insistence that a President be "Natural Born" is a fundamental requirement set in place by the Founders, who believed that divided or dual citizenship of any candidate would be a threat to the Republic.  PLAINTIFFS make no assertions with regard to the loyalties of any of the present presidential candidates.  However, PLAINTIFFS do aver that the wisdom of Article II protects us even today, and there can be no abrogation of its requirements.  The issue of the candidates' citizenship is one electors, candidates, and the Congress must see completely disclosed.

  This case seeks an Order that the candidates produce their valid birth certificates that will settle this vital question.  The production of the documents will require little time, effort or expense, and the matter can be resolved quickly, for the ultimate benefit of all.

  Most Americans cannot obtain a driver's license without providing and bearing the burden of proof with a birth certificate of their citizenship. Certainly, those who would seek to serve as the leader of the nation should fulfill the same requirement. Article II demands nothing less, and it cannot be ignored.   This Honorable Court should acknowledge this constitutional mandate and the gravity of this important question by granting the simple relief requested.

  Respectfully submitted,


 /s/ James D. Bell
 Attorney James D. Bell
 Mississippi Bar No. 02333
 318 S. State Street
 Jackson, Mississippi 39201
 601-981-9221

 Attorney J. Thomas Smith
 TN Bar No. 003613
 1816 Old Natchez Trace
 Franklin, Tennessee 37069
 615-790-2159

Attorney Philip R. Boardman*

VA Bar No. 48110

2017 Cunningham Drive, Ste 210

Hampton, Virginia 23666

757-826-2200

Attorney James Hochberg

HI Bar No. 3686

745 Fort St., Suite 1450

Honolulu, Hawaii 96183

808-534-1514

*Applications *pro hac vice* will be submitted

## CERTIFICATE OF SERVICE

I, James D. Bell, do hereby certify that I have caused to be mailed, via United States mail, and faxed a true and correct copy of the foregoing instrument to:

**Attorney General Jim Hood**
**Walter Sillers Building**
**550 High Street, Suite 1200**
**Jackson, Mississippi 39201**
**Facsimile: (601) 359-5025**

SO CERTIFIED, this, the 12th day of November, 2008.

/s/ James D. Bell

JAMES D. BELL

[i]  For example, over 60 million visits have been logged by one Internet site reporting on the Pennsylvania case filed in August 2008 to challenge the citizenship of Senator Barack Obama. The case, filed by a supporter of Senator Hillary Clinton, Plaintiff Philip Berg, is now pending before the Supreme Court of the United States. *See* **http://www.obamacrimes.com**

[ii]  Attached hereto are affidavits that may have issues of admissibility as evidence, but which present substantial questions about where Senator Obama was born.

[iii]  Daniel P. Tokaji, Commentary, *The Justiciability of Eligibility: May Courts Decide Who Can Be President?*, 107 Mich. L. Rev. First Impressions 31 (2008), http://www. michiganlawreview.org/firstimpressions/vol107/tokaji.pdf.

[iv]  Case No. 08CV72726

[v]

 § 23-15-211.1 Secretary of State designated Mississippi's chief election officer.

(1) For purposes of the National Voter Registration Act of 1993, the Secretary of State is designated as Mississippi's chief election officer.

(2) As the chief election officer of the State of Mississippi, the Secretary of State shall have the power and duty to gather sufficient information concerning voting in elections in the state. The Secretary of State shall gather information on voter participation and submit an annual report to the Legislature, the Governor, the Attorney General and the public.

**SOURCES**: Laws, 2000, ch. 430, § 6, eff. from and after August 11, 2000 (the date the United States Attorney General interposed no objection under Section 5 of the Voting Rights Act of 1965 to the enactment of this section); Laws, 2008, ch. 528, § 4, eff. August 7, 2008 (the date the United States Attorney General interposed no objection under Section 5 of the Voting Rights Act of 1965, to the amendment of this section.)

[vi]  **http://www.sos.state.ms.us/about_sos/mission.asp**