IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANIEL SCOTT THOMAS, Elector for the
State of California, who is nominated to vote
in the Electoral College and is pledged to vote for
Candidate Alan Keyes for President of the United States                 PLAINTIFFS

VERSUS                                           CIVIL ACTION NO.  2:08cv241- KS-MTP

DELBERT HOSEMAN, in his Official Capacity
as Secretary of State for the State of Mississippi                         DEFENDANT

ORDER

THIS MATTER is before the court on an Emergency Motion to Expedite Discovery [8] filed by plaintiffs.  The main relief requested in the motion is for an order requiring *defendant* to obtain by subpoena certain documentation regarding the qualifications as "natural born" citizens of the candidates for President and Vice-President in the recent general election held on November 4, 2008.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order." "A court should only issue an order for expedited discovery if there is some showing of good cause to justify the order."  *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp. 2d 986, 991 (S.D. Tex. 2004) (*citing* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*: Civil 2d § 2046.1 (West 1994)).  The court is not convinced that plaintiffs have made the requisite showing for emergency discovery, as any questions regarding the citizenship of the candidates could have been raised months ago.

Moreover, in order to rule on the instant motion, the court desires the benefit of a response from defendant, especially considering that the relief requested in the motion goes to

the merits of the case.  However, defendant has not yet answered the complaint or otherwise appeared in this action.[1]  Accordingly, the court finds that the motion should be denied, without prejudice to plaintiffs' right to re-urge the motion once defendant has appeared in the action.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT plaintiffs' Emergency Motion to Expedite Discovery [8] is denied.

SO ORDERED on this the 18th day of November, 2008.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[1] Defendant was served on November 3, 2008.  His answer is due on or about November 24, 2008 [10].